JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LORENA DAVID, | ) | Case No. CV 18-3268 FMO (Ex) |
| Plaintiff, | ) | |
| v. | ) | **ORDER Re: MOTION TO REMAND** |
| C.H. ROBINSON INTERNATIONAL, INC.; | ) | |
| Defendant. | ) | |

Having reviewed and considered all the briefing filed with respect to plaintiff's Motion to Remand (Dkt. 18, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## BACKGROUND

On June 16, 2017, plaintiff Lorena David ("plaintiff") filed a Complaint in the Los Angeles County Superior Court ("state court") against C.H. Robinson International, Inc. ("CHRI" or "defendant"), asserting claims for violations of California's Fair Employment and Housing Act, Cal. Govt. Code §§ 12940, et seq. (See Dkt. 6-1, "Complaint" at ¶¶ 33-77). CHRI removed the action to this court on July 14, 2017, on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (See Dkt. 3, Notice of Removal ("NOR") at ¶ 2; Lorena David v. C.H. Robinson International, Inc., CV 17-5210 FMO (Ex) ("David I"), Dkt. 1, Notice of Removal). On July 25,

2017, the court sua sponte remanded the action because CHRI failed to establish a sufficient amount in controversy as required by 28 U.S.C. § 1332. (See David I, Dkt. 14, Court's Order of July 25, 2017, at 3-5; Dkt. 3, NOR at ¶ 3).

On April 18, 2018, CHRI again removed the action to this court on the basis of diversity jurisdiction. (Dkt. 3, NOR at ¶ 7). On May 10, 2018, plaintiff filed the instant Motion challenging removal of the action. (See Dkt. 18, Motion). On May 11, 2018, the court ordered the parties, as part of the Motion, to brief the issue of "[w]hether the deposition testimony itself or actual receipt of the deposition transcript constitutes the 'other paper' rendering the case subject to removal pursuant to 28 U.S.C. § 1446(b)(3)." (Dkt. 19, Court's Order of May 11, 2018, at 1).

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires the case be remanded, as "[s]ubject matter jurisdiction may not be waived[.]" Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court.").

## DISCUSSION

I.  TIMELINESS OF REMOVAL.

Section 1446(b)(1) of Title 28 of the United States Code requires a defendant to remove a case "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that

the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). While the 30-day time limit is procedural rather than jurisdictional, "the time limit is mandatory and a timely objection to a late petition will defeat removal[.]" Smith v. Mylan, Inc., 761 F.3d 1042, 1045 (9th Cir. 2014) (internal quotation marks omitted).

Here, CHRI removed the action 30 days after receiving a "copy of the transcript of Plaintiff's March 5, 2018 deposition[.]" (See Dkt. 3, NOR at ¶ 5). CHRI contends that its second removal was timely because the transcript "is the 'other paper' that revealed, for the first time, information sufficient for CHRI to determine that Plaintiff's asserted economic damages . . . exceeded the jurisdictional minimum for federal diversity jurisdiction." (Dkt. 20, Defendant['s] Opposition to Plaintiff['s] Motion to Remand [] ("Opp.") at 7-8; see also id. at 10-11; Dkt. 3, NOR at ¶¶ 11-13 (contending the deposition transcript constituted the "other paper" triggering the right to remove)). In response to the Court's Order of May 11, 2018, CHRI also contends that the deposition testimony given by plaintiff on March 5, 2018, did not trigger the right to remove because oral testimony is not an "other paper" within the meaning of 28 U.S.C. 1446(b). (See Dkt. 20, Opp. at 11-14). Plaintiff argues that CHRI's removal was untimely since there were at least two dates prior to March 19, 2018, upon which defendant could have ascertained that the case was removable: (1) March 5, 2018, the date of plaintiff's deposition; and (2) March 6, 2018, when defendant received the draft deposition transcript of plaintiff's deposition. (See Dkt. 22, Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Remand ("Reply") at 2).

In Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876 (9th Cir. 2010), the Ninth Circuit held that "a plaintiff's response to deposition questions can constitute 'other paper' within the meaning of section 1446(b)[.]" Id. at 887. Defendant asserts that Carvalho is inapposite because "whether the triggering event [was] the date of the deposition or the date of the transcript was not at issue[.]" (Dkt. 20, Opp. at 13). But there is nothing in the Ninth Circuit's decision to suggest that the triggering event was anything other than the deposition itself, rather than receipt of the transcript. See, generally, Carvalho, 629 F.3d at 881-87. The Ninth Circuit was clear that "[b]ecause the notice of removal was filed within thirty days of Carvalho's deposition testimony," the district court was correct in denying Carvalho's motion to remand. Id. at 887 (emphasis

added). In other words, under Carvalho, the 30-day time period was tied to the deposition testimony. See id. at 886-87 ("[W]e agree with the district court that Carvalho's deposition testimony triggered the second thirty-day removal period. Like a response to interrogatories, a plaintiff's response to deposition questions can constitute `other paper' within the meaning of section 1446(b)") (citation omitted); see also PSC Indus. Outsourcing, LP v. Burlington Ins. Co., 2011 WL 1793333, *5 (D. Haw. 2011) (rejecting similar argument and noting that "Carvalho did not hold that a transcript of Carvalho's deposition responses satisfied the 'other paper' requirement, or that the removal period began on the day that a deposition transcript was received by defendant") (emphasis in original).

Defendant also contends that Carvalho is inapposite because "the Ninth Circuit merely held that deposition testimony could form a ground for removal[,]" and points to language in a recent Fifth Circuit opinion, stating that Carvalho is "better characterized as standing for the general idea that a deposition can constitute an 'other paper' than for actually deciding whether the defendant must remove within thirty days of the testimony or the transcript." (Dkt. 20, Opp. at 13) (quoting Morgan v. Huntington Ingalls, Inc., 879 F.3d 602, 611 n. 26 (5th Cir. 2018)). The court does not find this contention persuasive. Once the Carvalho court concluded that deposition testimony constitutes an "other paper" within the meaning of § 1446(b), from which it may be ascertained that the case is removable, see Carvalho, 629 F.3d at 887, then defendant was obligated to remove the case within 30 days.[2] See 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

Defendant also argues that the Fifth Circuit's Morgan decision is "authoritative in its

---

[2] The Carvalho court treats a response to a deposition question like a discovery device, just "[l]ike a response to interrogatories." 629 F.3d at 887. This is consistent with 28 U.S.C. § 1446(c)(3)(A), which provides that "information relating to the amount in controversy . . . in response to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

5

examination of the removal statute, and its express holding that the removal clock begins ticking from receipt of the deposition transcript, and not from the date of the oral testimony." (Dkt. 20, Opp. at 13). This court is bound by the Ninth Circuit's Carvalho decision, not the Morgan decision. Moreover, federal courts in this Circuit have construed Carvalho to mean that oral deposition testimony triggers the 30-day removal period.[3] See, e.g., Rider v. Sears Roebuck and Co., 2011 WL 2222171, *3 (C.D. Cal. 2011) (In the Ninth Circuit, it has "been established that deposition testimony meets the 'other paper' requirement."); PSC Indus. Outsourcing, 2011 WL 1793333, at *4 (finding party's contention that oral order did not trigger 30 day removal period foreclosed by Carvalho's holding "that testimony may constitute 'other paper'"). Also, other circuit courts have come to the same conclusion on this issue. See, e.g., Peters v. Lincoln Elec. Co., 285 F.3d 456, 465-66 (6th Cir. 2002)[4] (holding that "a plaintiff's answers to deposition questions can constitute the 'other paper' for purposes of the removal statute"); Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072 (10th Cir. 1999) (("[T]he removal period commences with the giving of the testimony, not the receipt of the transcript.").

In short, the court concludes that plaintiff's March 5, 2018, deposition testimony qualifies as an "other paper" within the meaning of § 1446(b) and triggered the 30-day time period for removal. Given that plaintiff completed her deposition testimony on March 5, 2018, and that defendant filed the NOR 36 days later on April 18, 2018, the removal was untimely. See 28 U.S.C. § 1446(b)(3).

Even assuming the deposition testimony did not trigger the 30-day removal period under

---

[3] Defendant points to Godoy v. Winco Holding, Inc., 2015 WL 6394474 (C.D. Cal. 2015), arguing that the case supports its contention that the removal time period is triggered by the receipt of the deposition transcript rather than the date of the oral testimony. (See Dkt. 20, Opp. at 13). However, the court in Godoy did not address the possibility of oral testimony triggering the 30-day time limit on removal, nor did it identify an exact date of receipt of the deposition transcript. See Godoy, 2015 WL 6394474, at *4. Instead, the court found that the months-long gap between deposition testimony and removal was enough on its own to establish a "fail[ure] to adhere to 28 U.S.C. § 1446(b)(3)," even if no date of receipt of the transcript could be established. See id.

[4] In Carvalho, the Ninth Circuit cited Peters, 285 F.3d 456, for the proposition that "a plaintiff's response to deposition questions can constitute 'other paper' within the meaning of section 1446(b)[.]" Carvalho, 629 F.3d at 887.

§ 1446(b)(3) because it did not constitute an "other paper" under § 1446(b), the removal was still untimely. Defendant concedes that it received a rough transcript of the deposition on March 6, 2018, the day after the deposition. (See Dkt. 20-1, Declaration of Jack S. Sholkoff at ¶ 11). Yet, defendant did not remove the action until April 18, 2018, (see Dkt. 3, NOR), more than 30 days later.

Defendant asserts that it was prohibited by a state statute, Cal. Code Civ. P. § 2025.540(b), from relying on the rough draft transcript to support its removal petition. (See Dkt. 20, Opp. at 15). Cal. Code Civ. P. § 2025.540(b) provides that "[w]hen prepared as a rough draft transcript, the transcript of the deposition may not be certified and may not be used, cited, or transcribed as the certified transcript of the deposition proceedings" and "may not be cited or used in any way or at any time to rebut or contradict the certified transcript[.]"

Defendant has not put forth any federal authority suggesting or indicating that the meaning or scope of "other paper" under § 1446, a federal statute, can be defined or limited by a state statute or rule.[5] (See, generally, Dkt. 20, Opp. at 14-16). Nor has defendant cited to any federal authority holding or even suggesting that the "other paper" requirement mandates that a deposition be certified. (See, generally, id.). In any event, the court is persuaded that the term "other paper" set forth in § 1446 includes rough draft deposition transcripts as there is no dispute that in this case it could be reasonably ascertained from the rough transcript that the case was removable.[6] See, e.g., Carvalho, 629 F.3d 887 ("From [deposition] testimony, [defendant] could reasonably determine for the first time that the amount in controversy was" in excess of the jurisdictional minimum required under CAFA.).

---

[5] Even assuming Cal. Code Civ. P. § 2025.540 applied, the statute is not as broad as defendant claims. As plaintiff points out, (see Dkt. 22, Reply at 8), it merely provides that a rough draft transcript may not be (1) used as the certified transcript; (2) cited as the certified transcript; (3) transcribed as the certified transcript; or (4) cited or used to rebut or contradict the certified transcript. See Cal. Code Civ. P. § 2025.540(b). There is nothing preventing the use of a rough transcript from a deposition to support a removal petition.

[6] Based on the court's determination that the deposition testimony triggered the 30-day removal period, or alternatively, that defendant's receipt of the rough transcript triggered the removal period, the court does not address the parties' remaining contentions.

II. ATTORNEY FEES.

Under § 144(c), "an order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 144(c). The test for awarding attorney's fees is whether it was objectively reasonable for defendant to remove the case to federal court. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Id. at 136, 126 S.Ct. at 708.

Plaintiff seeks an award of $15,750.00 in attorney's fees. (See Dkt. 18-1, Memo at 11-12). Plaintiff argues that a lack of "factual ambiguity" justifies an award of attorney fees. (Dkt. 22, Reply at 17). Given this lack of ambiguity, plaintiff classifies defendant's justifications as "legally untenable" and "wast[ing] judicial resources and unnecessarily prolong[ing] the litigation." (Id. at 18). Under the circumstances, the court is persuaded that there was an objectively reasonable basis for defendant to remove the case, and therefore attorney's fees are not warranted.

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Motion to Remand **(Document No. 18)** is **granted in part** and **denied in part**.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012, pursuant to 28 U.S.C. § 1447(c).

3. The Clerk shall send a certified copy of this Order to the state court.

Dated this 29th day of June, 2018.

_____/s/_____
Fernando M. Olguin
United States District Judge